THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NORMAN R. TRIMBLE, JR., Defendant-Appellant.

(No. 11606;

Fourth District—April 18, 1972.

Matthew J. Moran, of Defender Project, of Chicago, for appellant.

Everett F. Laury, State's Attorney, of Danville, for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

In January 1968, the defendant pleaded guilty to burglary and was granted 3 years probation. In March 1969, a petition to revoke his probation was filed. After a hearing, the petition to revoke was denied but the probation was extended for an additional 1 year and as a condition thereof defendant was ordered to serve 6 months in the Vandalia State Penal Farm.

In March 1971, a further petition to revoke probation was filed alleging as grounds five infractions by the defendant, each of which con-

stituted basis for revocation of probation. At the hearing on the petition for revocation, the defendant admitted violation of probation.. After a hearing in mitigation, the defendant was sentenced to the Illinois State Penitentiary for a term of not less than 2 nor more than 6 years. This appeal is from that sentence.

The Illinois Defender Project, counsel for the defendant-appellant, has filed a motion to withdraw as counsel on appeal, asserting that there is no justiciable issue for review and that any request for review would be frivolous. Upon receipt of that motion, this court continued the same for a period of 60 days, giving the defendant an opportunity to file *pro se* any points and authorities applicable to this appeal. On January 22, 1972, he filed certain suggestions in support of his appeal.

We have examined the record, motion for leave to withdraw, the defendant's *pro se* suggestions, and the brief and argument for the plaintiff-appellee. From such we conclude that further review would indeed be frivolous. The motion for the Illinois Defender Project to withdraw as counsel is allowed. *Anders v. California,* 386 U.S. 738, L.Ed.2d 493, 87 S.Ct. 1396.

Judgment affirmed.

SMITH and SIMKINS, JJ., concur.